FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 APR 22 P 4: 36
CLERK C. Roberts
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JAMES HAWES,<br><br>Petitioner,<br><br>v.<br><br>GRADY PERRY, Warden, and<br>BRIAN OWENS, Commissioner<br>of the Georgia Department of<br>Corrections,<br><br>Respondent. | CIVIL ACTION NO.: CV613-001 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Hawes ("Hawes") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his convictions obtained in the Bulloch County Superior Court. Respondent filed an Answer-Response. For the reasons which follow, Hawes' petition should be **DENIED**.

## STATEMENT OF THE CASE

Hawes was indicted by the Bulloch County grand jury, for enticing a child for indecent purposes, statutory rape, and contributing to the delinquency of a minor. (Doc. No. 10-3, p. 1). Hawes pleaded guilty to all counts and was sentenced to a "split" five year sentence, with sixty to ninety days to serve in prison, and with the balance probated. (Id. at p. 2). Following the completion of his jail sentence, Hawes filed a habeas corpus petition, contending that his guilty plea had been entered involuntarily because he had not been advised he was waiving his privilege against self-

incrimination. (Id.). The trial court denied Hawes' habeas petition, but the Georgia Supreme Court reversed the trial court's denial and held that Hawes' guilty plea was not knowingly and intelligently made. (Id.).

Hawes elected to have a jury trial on all charges and was subsequently found guilty on all counts. (Id.). Hawes was sentenced to an aggregate of fifteen years in prison. (Id.). Hawes appealed his convictions, and the Georgia Court of Appeals found his claims lacked merit and affirmed Hawes' convictions and sentences. (Id. at p. 3).

Hawes filed a petition for writ of habeas corpus, challenging his convictions, in the Superior Court of Coffee County. (Doc. No. 10-1, p. 1). In his petition, as amended, Hawes raised: fourteen allegations concerning ineffective assistance of appellate and trial counsel; five counts claiming various errors made by the trial court; a single count averring that he did not knowingly and intelligently waive his right to the assistance of counsel licensed in Georgia; a single count contending there was insufficient evidence to authorize the jury to return a conviction; and a final count alleging that the trial court erred in sentencing Hawes to fifteen years in prison after he was initially sentenced to a "split" five year sentence, with the majority of that sentence on probation, for the same convictions. (Doc. No. 10-3). Following an evidentiary hearing, the state habeas court denied Hawes' requested relief. (Id. at p. 25). The Georgia Supreme Court denied Hawes' application for a certificate of probable cause to appeal the denial of his state habeas corpus petition. (Doc. No. 10-4, p. 1).

In the instant § 2254 petition, Hawes contends that his trial counsel was ineffective because counsel: was not licensed to practice in Georgia; made several errors during trial; failed to object to the trial court's exclusion of his proposed alibi

AO 72A
(Rev. 8/82)

witness; agreed with the trial court that he could not argue he believed the victim was over the age of sixteen; did not authenticate and/or lay the foundation for Defendant's Exhibit 8 at trial; did not submit Defendant's Exhibits 3 – 7 and 10 into evidence at trial; did not cross-examine the victim about Defendant's Exhibit 6 in the presence of the jury; did not object to the jury instruction regarding the knowledge element of the statutory rape charge; and did not request that State's Exhibits 5 – 8 go out with the jury at trial. Hawes also alleges ineffective assistance of appellate counsel due to counsel's failure to raise "various issues". (Doc. No. 7, p. 11). Hawes further argues the trial court committed error by ruling that: he could not present evidence at trial regarding his belief that the victim was over age 16; Hawes could not question the victim about Defendant's Exhibit 8 and 9 and could not admit them into evidence at trial; and it was impermissible for Hawes to question the victim concerning charges pending against another man with whom she had a relationship. Hawes also alleges he did not knowingly and voluntarily waive his right to assistance of counsel licensed to practice law in Georgia; the evidence presented at trial was insufficient to support the convictions against him; the trial court committed error by not giving Hawes time served credit for the time he had already served after pleading guilty to the same charges; and, finally, that the trial court committed error by sentencing him to fifteen years each on the enticing a child for indecent purposes and the statutory rape charges. Respondent denies each allegation and avers that Hawes' petition should be denied.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, which governs this case, sets forth the deference to be afforded to a state court's legal determinations:

AO 72A
(Rev. 8/82)

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under § 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the state court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the state court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A state court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

I. **Ineffective assistance of counsel**

A. **Standard**

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Id. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, "the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313 (internal punctuation and citations omitted). Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689–90). To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

AO 72A
(Rev. 8/82)

"A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000)). Appellate counsel is not ineffective for failing to raise a meritless claim on appeal. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

### B. Ineffective assistance of appellate counsel

Hawes asserts that his appellate counsel was ineffective for failing to "bring[ ] up various issues on appeal", violating Hawes' Fifth, Sixth, and Fourteenth Amendment rights. (Doc. No. 7, p. 11). Hawes alleges that appellate counsel was ineffective because "failing to raise said grounds was certainly not a reasonable tactical move on the part of appellate counsel,"[1] and "appellate counsel was incorrect in his belief that he could not raise a claim of ineffective assistance of trial counsel."[2] (Id. at pp. 11-12). Respondent contends that the decision of the state habeas corpus court, which decided this ground adversely to Hawes, should be given deference.

The state habeas corpus court applied Strickland to the errors allegedly committed by appellate counsel and determined that Hawes failed to meet the Strickland standard to show that his appellate counsel was ineffective. (Doc. No. 10-3,

---

[1] Presumably, "said grounds" are the fifteen grounds raised by Hawes in the instant petition. The Court assumes for the purposes of this petition that Hawes' specific allegations regarding the ineffective assistance of appellate counsel have not changed and are the same eight grounds considered in the state habeas corpus proceeding.

[2] Additionally, it should be noted that Hawes hinges his argument that the grounds raised in the instant motion are not procedurally defaulted on his ineffective assistance of appellate counsel claim. (Doc. No. 7, pp. 12-15). Hawes alleges the ineffective assistance provided by appellate counsel constitutes the "cause and prejudice" necessary to overcome the procedural default bar to the grounds raised in the instant § 2254 motion. Thus, the Court first considers whether deference should be given to the state habeas corpus court's ruling on the assistance of appellate counsel; then, the Court turns to the merits of Hawes' "cause and prejudice" argument, discussed in Section II, below.

pp. 11-21). Hawes does not show the state habeas corpus court's decision was contrary to clearly established federal law. Hawes essentially argues that the court's decision was based on an unreasonable determination of facts, and that "[t]his is definitely the first opportunity that petitioner has had to raise a claim of ineffective assistance of appellate counsel." (Doc. No. 7, p. 15). Contrary to Hawes' statement, the state habeas corpus court carefully considered the merits of each of Hawes' allegations regarding ineffective assistance of appellate counsel. Specifically, the state habeas court considered whether appellate counsel provided Hawes ineffective assistance under <u>Strickland</u> by deciding not to raise the following issues on appeal:

(i) **Ineffective assistance of trial counsel, based on the mistaken belief that appellate counsel was prevented from raising this issue because trial counsel aided him in the appeal.**

Hawes argues that appellate counsel's mistaken belief that he could not raise the issue of ineffective assistance of trial counsel on appeal because trial counsel was actively involved in the appeal constitutes deficient performance. In considering this allegation, the state habeas court determined that, although appellate counsel was not precluded from raising an ineffective assistance of trial counsel claim, his mistaken belief was not an error amounting to the requisite prejudice required under <u>Strickland</u>. Due to counsel's error, however, the habeas court analyzed whether there was a reasonable probability that the outcome of Hawes' appeal would have been different had the claim been raised. (Doc. No. 10-3, p. 13). The court noted that Hawes produced "no credible evidence or legal authority" demonstrating that if appellate

counsel had raised any of Hawes' allegations against trial counsel, the outcome of the proceeding would have been different. (Id. at pp. 13-14).

(ii) **The trial court's exclusion of Hawes' "alibi" witness.**

Hawes alleges appellate counsel's failure to challenge the exclusion of his purported alibi witness constituted ineffective assistance of counsel. The state court considered appellate counsel's testimony that he decided against raising any issue with the trial court's exclusion of Hawes' alibi witness because he became aware that the testimony that would have been offered by the witness was false. (Id. at p. 14). Thus, the state habeas corpus court found Hawes did not show appellate counsel's performance was deficient in not presenting this dubious evidence on appeal.

(iii) **The trial court's ruling that Hawes could not present evidence he believed the victim was over age sixteen.**

Hawes contends that appellate counsel's acquiescence to the trial court's ruling that precluded Hawes from presenting evidence that he believed the victim was over the age of sixteen constituted deficient assistance of counsel. The state habeas court disagreed, citing that the reasonable belief that the victim is over the age of sixteen is not a defense to the charge of statutory rape in Georgia. (Id.). Thus, the state habeas court concluded appellate counsel's performance was not deficient in deciding not to raise a meritless claim.

(iv) **The trial court's decision to preclude Hawes from questioning the victim about another man with whom she had sexual relations.**

Hawes argues that appellate counsel should have challenged the trial court's ruling that prevented Hawes from questioning the victim about another man she

8

purportedly had sexual relations with and who was subsequently charged with statutory rape. The state habeas court explained, however, that Hawes' aim in presenting this evidence to the jury was to rebut the victim's statement that she had "never done things like that before." (Doc. No. 10-3, p. 15). Evidence that the victim lied regarding her statement was admitted into evidence and was available to the jury; the prosecutor and trial counsel stipulated to the fact that the victim had been in a relationship with another man prior to her involvement with Hawes. Thus, the state habeas court found Hawes failed to demonstrate appellate counsel's performance was deficient in not presenting this evidence on appeal.

(v)  **The trial court's exclusion of Defendant's Exhibits 6, 8, and 9.**

Hawes alleges ineffective assistance in his appellate counsel's failure to object to the trial court's rulings regarding several pieces of evidence. Hawes also argues that appellate counsel was ineffective in not alleging ineffective assistance of trial counsel with regard to these documents. Hawes believes that, had these pieces of evidence been admitted at trial, the victim's testimony would have been impeached and the outcome of his trial would have been different. The state habeas court found Hawes' position on these documents to be wholly unsupported by the record. (Id. at pp. 15-16). The victim's truthfulness was adequately explored during the trial. Hawes could not show that the outcome of his direct appeal would have been different had the documents been admitted because the goal behind admission of them – to show the victim's proclivity for untruthfulness – was demonstrated several times at trial.

Further, the state habeas corpus court found no prejudicial error in appellate counsel's failure to raise ineffective assistance of trial counsel on this ground. Hawes

AO 72A
(Rev. 8/82)

presented no precedent showing that documents demonstrating the victim made subsequent false allegations against a third party are admissible to impeach the victim's testimony. Therefore, the state habeas court concluded it was not deficient performance to determine this argument was not likely to succeed on appeal.

(vi) **Hawes' contention he never waived his right to the assistance of counsel licensed to practice law in Georgia.**

Hawes contends appellate counsel was ineffective in not arguing that Hawes failed to waive his right to the assistance of counsel licensed in Georgia. Mr. Irby Walker was retained by Hawes to serve as his stand-by trial counsel; Hawes initially represented himself at the jury trial. (Doc. No. 10-1, p. 5; Doc. No. 10-3, p. 6). Mr. Walker is a member of the South Carolina bar, and he was admitted pro hac vice in association with a Georgia-licensed attorney. (Doc. No. 10-1, p. 6). The state habeas corpus court found Hawes' waiver argument to be "frivolous" as Hawes testified on many occasions he was represented by Mr. Walker at trial. (Doc. No 10-3, p. 17). Thus, the state habeas court determined Hawes did not show that appellate counsel was deficient in choosing not to advance an allegation certain to fail.

(vii) **Hawes' allegation that the evidence presented at trial was insufficient to support conviction on the charges.**

Hawes contends the evidence presented at trial was insufficient to support his conviction on the charges, and therefore, appellate counsel was deficient in not raising this issue on direct appeal. The state habeas corpus court evaluated Hawes' argument under the clearly established federal standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979). Under Jackson, a petitioner is entitled to habeas corpus relief pursuant to

AO 72A
(Rev. 8/82)

28 U.S.C. § 2254 if it is determined from the record evidence that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324.

Under Georgia law, unsupported testimony of the victim is insufficient to support a statutory rape conviction. O.C.G.A. § 16-6-3(a). In order to sustain a statutory rape conviction, "the requisite quantum of corroboration of a victim's testimony is slight evidence so long as such evidence tends to prove the incident occurred as alleged." Trejo v. State, 245 Ga. App. 316, 317 (2000). The state habeas corpus court reviewed the evidence presented at trial and determined that the victim's testimony was "supported in this case." (See Doc. No. 10-3, pp. 16-20). Having determined that sufficient corroboration of the victim's testimony was presented at trial, the state habeas court found Hawes failed to show appellate counsel was ineffective in not offering this unjustified ground for appeal.

### (viii) Hawes' argument that he should have been given credit for time served on probation.

Hawes contends appellate counsel was deficient for not arguing that Hawes should have been credited for time served on probation against his incarceration sentence. Hawes presented no precedent supporting this contention. The state habeas corpus court examined relevant Georgia Supreme Court precedent and found that Hawes' sentence was not excessive under the law. (Id. at pp. 20-21). Therefore, the state habeas court determined appellate counsel was not ineffective in failing to raise this unsupported allegation on direct appeal.

### C. Conclusion

The Georgia state habeas corpus court reviewed Hawes' claim of ineffective assistance of appellate counsel using Strickland, the clearly established federal law for ineffective assistance of counsel claims. The court's application of the Strickland standard was objectively reasonable; therefore, its adjudication on Hawes' ineffective assistance of appellate counsel claim was not contrary to nor an unreasonable application of clearly established federal law. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence presented. The undersigned's conclusion in this regard is supported by a review of the state habeas court's decision. There is no reasonable probability that the outcome of Hawes' appeal would have been different had appellate counsel raised an ineffective assistance of trial counsel claim or any of the other allegations outlined above. Hawes is not entitled to relief on this ground.

## II. Procedural Default (Grounds 1 – 14)

Hawes presents fourteen procedurally defaulted claims as grounds for § 2254 relief. Hawes' allegations are as follows:

1. He received ineffective assistance of trial counsel because counsel: was not licensed to practice law in Georgia; did not object to the exclusion of Hawes' alibi witness; agreed with the trial court that Hawes could not testify that he believed the victim was over the age of sixteen; did not authenticate and/or lay the proper foundation for Hawes' exhibit 8; did not offer Hawes' exhibit 3-7 and 10 at trial; failed to question the victim regarding exhibit 6 in the presence of the jury; did not contest the trial court's jury instruction on the

AO 72A
(Rev. 8/82)

knowledge element of statutory rape; and did not request State's exhibits 5-8 go out with the jury at trial.

2. The trial court committed harmful error by excluding Hawes' alibi witness.

3. The trial court erred in ruling Hawes could not present evidence that he believed the victim to be over the age of sixteen.

4. The trial court committed error by ruling Hawes could not question the victim regarding exhibits 8 and 9 and could not admit them into evidence.

5. The trial court erred by prohibiting Hawes from questioning the victim about charges pending against another man with whom she had a relationship.

6. Hawes did not knowingly and voluntarily waive his right to assistance of counsel licensed to practice law in Georgia.

7. The evidence was insufficient to convict Hawes of the charges at trial.

8. The trial court erred by not crediting Hawes time served on probation after pleading guilty to the same charges.

Respondent contends that all of the above grounds have been procedurally defaulted under Georgia law, as the state habeas corpus court found, because the claims were not raised on direct appeal, and Hawes failed to show the necessary cause and prejudice to overcome the procedural bar.

### A. Standard

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson,

501 U.S. 722, 729 (1991)). The Supreme Court has "held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." Id. The adequacy of the procedural bar is not a matter of state law, but "is itself a federal question." Id. (internal quotation marks omitted). A three-part test is used to determine "whether the state decision rested upon an independent and adequate ground under state law: First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law." Doorbal v. Dep't of Corr., 572 F.3d 1222, 1227 (11th Cir. 2009) (internal punctuation and citations omitted). "Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion [or be manifestly unfair]." Id. (alterations in original).

### B. Procedural Default

Issues that could have been raised on direct appeal, but were not, are procedurally defaulted in habeas corpus proceedings, unless the petitioner shows adequate cause for failing to raise the issues earlier and actual prejudice if the issues are not heard. O.C.G.A. § 9-14-48(d). Hawes appealed his conviction to the Georgia Court of Appeals, but he did not assert the above fourteen allegations as grounds for his appeal. (Doc. No. 11-11). Applying Georgia statutory and case law, the state habeas corpus court found that all claims raised in the above grounds were procedurally defaulted. (Doc. No. 10-3, pp. 21-24). Additionally, the court found that

AO 72A
(Rev. 8/82)

Hawes did not show adequate cause for failing to raise the issues on direct appeal. (Id.).

Hawes attempts, in this § 2254 motion, to provide the necessary "cause and prejudice" for overcoming the procedural bar by reasserting his position that appellate counsel was ineffective, therefore, depriving him of a meaningful opportunity to raise these grounds on direct appeal. In Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (Mar. 20, 2012), the United States Supreme Court determined that when, under state law, a prisoner is required to raise ineffective assistance of trial counsel claims for the first time "in a collateral proceeding, a prisoner may establish cause for a default" of these claims in two circumstances. Martinez, __ U.S. at __, 132 S. Ct. at 1318. "The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland[.]" Id.

There is nothing of record which reveals that appellate counsel should have raised ineffective assistance of trial counsel based on Hawes' allegations. Even considering appellate counsel's mistaken belief that he could not raise such a claim because trial counsel aided him in the appeal, there is no evidence demonstrating Hawes suffered any prejudice as a result. The state habeas corpus court thoroughly considered Hawes' allegations of ineffective assistance of appellate counsel under Strickland and concluded there is no reasonable probability that the outcome of Hawes' appeal would have been different had appellate counsel raised an ineffective assistance of trial counsel claim with the Georgia appellate court. Hawes does not

AO 72A
(Rev. 8/82)

show adequate cause to excuse the procedural default barring these claims; therefore, Hawes is not entitled to relief on this ground.

### III. Trial Court Erred in Sentencing (Ground 15)

Respondent asserts that Hawes does not present a claim for federal habeas corpus relief in this ground because he does not set forth a federal question or allege the violation of a constitutional right. Respondent contends that Hawes instead raises an issue of state law, as Hawes attacks his sentence of fifteen years for statutory rape and fifteen years for enticing a child for indecent purposes. Hawes alleges this sentence violates his right to due process and implicates his right to trial by jury because he was "punished for having a jury trial." (Doc. No. 7, p. 56).

#### A. Standard

Under 28 U.S.C. § 2254, a petitioner can file a federal habeas challenge to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325 (11th Cir. 2010). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Id. at 1326 (alteration in original) (internal citation omitted). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Wilson v. Corcoran, __ U.S. __, 131 S.Ct. 13, 16 (Nov. 8, 2010) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

## B. Sentencing

Although Hawes attempts to frame this allegation as a violation of his due process rights, he actually attacks the Georgia trial court's application of Georgia law to his case. In reviewing this identical allegation on Hawes' direct appeal, the Georgia Court of Appeals found that the trial court correctly applied Georgia Uniform Superior Court Rule 33.6(B) in enhancing Hawes' sentence following his jury trial conviction. Hawes v. State, 298 Ga. App. 461, 461-62 (2009). The court found "[s]ufficient justification existed to warrant the increase in Hawes' sentence, and there is no evidence that the trial judge acted vindictively in sentencing." Id. at 463. The state habeas corpus court deferred to this determination. Hawes contests the state court's determination of state law. Hawes fails to state a claim for relief in habeas corpus, as he does not allege a violation of "clearly established federal law" as required under § 2254(d); therefore, Hawes is not entitled to relief on this ground.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Hawes' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE