IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES HAWES, )
)
        Petitioner, )
)
v. ) CIVIL ACTION NO.: CV613-001
)
)
GRADY PERRY, Warden, and )
BRIAN OWENS, Commissioner )
of the Georgia Department of )
Corrections, )
        Respondents. )

## ORDER

Following two extensions of time, Petitioner James Hawes ("Hawes") filed a Motion to Expand Record and Opposition to Magistrate Judge's Report and Recommendation.[1] (Doc. Nos. 18, 19). The Magistrate Judge's Report recommended that Hawes' § 2254 petition be dismissed. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. In his Objections, Hawes asserts he presents sufficient evidence to overcome procedural default. Essentially, Hawes restates his arguments regarding the viability of his claim of alleged ineffective assistance of trial counsel and appellate counsel serving as "cause" and "prejudice". (Doc. No. 19, p. 2). Hawes reiterates his

---

[1] As Hawes has styled his submission as an omnibus motion, Hawes' Motion to Expand the Record is **granted** for the purpose of examining the merits of his Objection to the Magistrate Judge's Report and Recommendation. While the purported letter from Hawes' trial counsel somewhat provides an explanation for Hawes' requests for extensions of time, the letter offers no substantive evidence or argument bearing on the merits of Hawes' Objections.

contentions that an alibi witness was available to testify at trial. Hawes also alludes to his previous argument that he was effectively punished by the trial judge for successfully appealing his original conviction, and as a result was incorrectly sentenced. Hawes raises no new arguments in his objections.

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). Hawes presented fourteen procedurally defaulted claims as grounds for § 2254 relief. Issues that could have been raised on direct appeal, but were not, are procedurally defaulted in habeas corpus proceedings, unless the petitioner shows adequate cause for failing to raise the issues earlier and actual prejudice if the issues are not heard. O.C.G.A. § 9-14-48(d). In his Objections, Hawes attempts to demonstrate the necessary cause and prejudice to overcome procedural default by asserting ineffective assistance of counsel and arguing the merits of some of counsel's alleged deficiencies. Hawes contends that because his trial counsel and appellate counsel were ineffective, he was deprived of a meaningful opportunity to raise his grounds for relief on appeal. Hawes' objections are conclusory, as he provides no law or facts which reveal that, but for counsel's alleged ineffective assistance, the outcome of his appeal would have been different. The Magistrate Judge correctly determined "Hawes does not show adequate cause to excuse the procedural default barring these claims; therefore, Hawes is not entitled to relief on this ground." (Doc. No. 12, p. 16).

AO 72A
(Rev. 8/82)

Hawes also asserts that he was effectively punished for a successful appeal and election to proceed with a jury trial. Hawes contends he was incorrectly sentenced as a result. Under 28 U.S.C. § 2254, a petitioner can file a federal habeas challenge to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In considering Hawes' sentencing argument, the Magistrate Judge correctly concluded: "Hawes contests the state court's determination of state law. Hawes fails to state a claim for relief in habeas corpus, as he does not allege a violation of 'clearly established federal law'." (Doc. No. 12, p. 17). Hawes' assertions regarding the sentence he received do not warrant federal relief.

Hawes' Objections are conclusory and without merit. Hawes' Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Hawes' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 18 day of July, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)